# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 09-80953-WRS
                                                                     Chapter 13
DOROTHY A. COCHRAN,

      Debtor

## MEMORANDUM DECISION

### I.  Facts

      This Chapter 13 case came before the Court for hearing on November 3, 2010, upon a motion filed by the State of Alabama seeking relief from this Court's Order of September 21, 2010 (Doc. 53), Confirming the Debtor's Modified Chapter 13 Plan.  Before addressing the specifics of the State's motion, the Court will review the history of this case.

      On June 17, 2009, the Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code.  On September 15, 2009, the Court confirmed the Debtor's Chapter 13 Plan.  (Docs. 20, 25, 26).  The State of Alabama was not listed as a creditor in the Schedules, nor were any criminal proceedings disclosed in the Statement of Financial Affairs.

      On March 25, 2010, a judgment of conviction was entered against the Debtor in the Circuit Court of Russell County, Alabama, in proceedings styled <u>State of Alabama v. Dorothy Ann Cochran</u>, Case No. CC 09-198.  The conviction was entered as a result of a plea bargain between the Debtor and the State of Alabama, wherein she entered a plea of guilty to a charge of Criminal Mischief First Degree.   The Circuit Court in Russell County sentenced the Debtor to prison for four years, fined her $2,500.00 and ordered her to pay restitution in the amount of $6,655.20.  Pursuant to the sentence, the Debtor may avoid going to jail by complying with the terms of her probation, completing an Anger Management Class and completing the terms of her

sentence, including paying the fine and restitution. The record in this Court makes no reference to these criminal proceedings until the Debtor filed an Amended Chapter 13 Plan wherein she purports to provide for payment of the fine and restitution in the amount of $9,628.20, at 0% interest, with a monthly payment of $214.00. The only notice given the State was sent to the Clerk of the Circuit Court for Russell County, Alabama. (Doc. 49). No objection was made, and the Amended Plan was confirmed by negative notice pursuant to LBR 3015-1 and 9007-1.[1] (Doc. 53). The State of Alabama has moved this Court to reconsider its order confirming the Debtor's Amended Plan, arguing that it was not given proper notice. (Doc. 55).

## II. Law

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). This is a final order.

The State complains that it was not given proper notice of the Debtor's Modified Plan in that a copy was not mailed to the District Attorney, which is the office responsible for representing the State in this matter. The State's objection is well taken and the Court finds that notice was not proper. See, Fed. R. Bankr. P. 3015, 2002; LBR 3015-1(d). However, there are two substantive issues here in addition to this procedural notice issue.

First, the "commencement or continuation of a criminal action or proceeding against the debtor" is excluded from the provisions of the automatic stay. 11 U.S.C. § 362(b)(1). Therefore,

---

[1] In the Middle District of Alabama, Amended Chapter 13 Plans can be confirmed without an actual hearing where notice is given an a timely objection is not made. See, 11 U.S.C. 102(1).

2

notwithstanding anything which takes place in this Court, the State may continue to pursue the Debtor as otherwise may be allowed by State law. "There is a public interest in every good faith criminal proceeding . . . which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors." Barnette v. Evans, 673 F.2d 1250, 1251 (11th Cir. 1982) (The Court said the automatic stay did not apply for a debtor who issued bad checks, filed for Chapter 13 bankruptcy petition, then subsequently was indicted for theft by deception.).

Second, a Debtor in a case under Chapter 13 may not discharge a debt "for restitution, for a criminal fine, included in a sentence on the debtor's conviction of a crime." 11 U.S.C. § 1328(a)(3).[2] Thus, even if the debt for criminal restitution were provided for in a Chapter 13 Plan, it would not discharge.

### III. CONCLUSION

The State is granted relief from the Order Confirming the Debtor's Amended Plan. Neither the automatic stay nor the discharge injunction, if one is ultimately entered here, will

---

[2] This was not always the case. Prior to 1990, Section 1328 of the Bankruptcy Code did not except either fines or restitution from discharge. Thus, fines and restitution did not discharge in cases under Chapter 13, while they were excepted from discharge in cases under Chapter 7. In 1990, Congress amended the Code to exclude restitution from discharge. However, criminal fines were not excluded until 1994. See, Bankruptcy Reform Act of 1994, PL 103-394, Sec. 302.

3

have any effect upon the State, which is free to pursue the Debtor. The State may treat the Debtor as it would any other criminal defendant.³ The Court will enter a separate order.

Done this 24th day of November, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: John F. Hitchcock, Attorney for Debtor
   Kenneth Davis, District Attorney
   Curtis C. Reding, Trustee

---

³ The Court notes that in her Plea Agreement, the Debtor agreed to pay "$100.00 per month, or such amount as determined by the Probation Officer (whichever is greater) <u>beginning 90 days subsequent to the date the Defendant was sentenced</u>." (Doc. 55)(Plea Agreement in Criminal Action styled: <u>State of Alabama v. Dorothy Cochran</u>, CC-09-198, executed February 19, 2009). If the State is still willing to accept this amount, the Debtor may well be able to amend her Plan to provide for payment of the restitution directly to the State.

5